IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **V.** | § | No. 2:19-MJ-229 |
| | § | |
| **ANEUDY GONZALEZ** | § | |

### **DEFENDANT'S BRIEF IN SUPPORT OF A FINDING OF NO PROBABLE CAUSE**

Now comes the Defendant, Aneudy Gonzalez, by and through the undersigned counsel and respectfully submits this brief in support of this Honorable Court issuing a finding of no probable cause in this matter.

### The Facts

The defendant, Aneudy Gonzalez, was arrested by Trooper Danny Nunez with the Texas Department of Public Safety on December 6, 2019 for possession of approximately three thousand three hundred fifty (3,350) pounds of marijuana following a traffic stop of a U Haul rental truck on Interstate 40. The United States has charged Mr. Gonzalez with Possession with Intent to Distribute 1000 kilograms or more of marihuana, a violation of 21 U.S.C 841(a)(1) and 21 U.S.C 841(b)(1)(A)(vii).

On December 13, 2019, this Court held a probable cause and detention hearing in this matter where live testimony and two exhibits were offered by the Government. Agent Randy Mincher was called to testify on behalf of the Government and his testimony established that the defendant, Aneudy Gonzalez, was paid to drive the U Haul containing the three thousand three hundred fifty pounds of suspected marihuana from California to New York. Agent Mincher further testified that the defendant, Aneudy Gonzalez, was stopped by law enforcement in Arizona and subsequently released when Arizona authorities determined the load to be legal

hemp. Agent Mincher testified that Trooper Nunez smelled the odor of cannabis emitting from the U Haul immediately upon approaching the vehicle. Agent Mincher testified that he did not know or have any training about terpenes or botany, nor could he say whether all cannabis, be it hemp of marihuana, smells alike. Agent Mincher testified that he did not know of the substance of Texas House Bill 1325 nor had he received any training in response to the passage of the new Federal law, The Agricultural Improvement Act of 2018, or Texas House Bill 1325. Agent Mincher testified that Trooper Nunez suspected the load of hemp to be illegal marihuana. Agent Mincher testified that the Defendant, Aneudy Gonzalez, tendered to Trooper Nunez a lab report for the load of hemp that he suspected to be marihuana. The Government admitted into evidence the lab report that was tendered to Trooper Nunez, which was marked Government Exhibit 1. Government Exhibit 1 is a lab report from SC Laboratories in Santa Cruz, CA. Government Exhibit 1 is the only evidence of the THC content of the plant matter in the U Haul. Agent Mincher testified that the defendant, Aneudy Gonzalez, was arrested and taken to Texas DPS for questioning and the DEA arrived to interview Mr. Gonzalez. Agent Mincher testified that no investigation was done into SC Laboratories. Agent Mincher testified that hemp is legal. Agent Mincher testified that the lab report shows a Delta-9 Tetrahydrocannabinol content of 0.2853 percent and a total Tetrahydrocannabinol content of 0.2853 percent. Agent Mincher incorrectly testified that the legal threshold for hemp is less than 0.03 percent and admitted that he was confused about the law when counsel clarified that the threshold is actually 0.3 percent. Agent Mincher testified that the 0.2853 percent THC shown on the lab report tendered to Trooper Nunez is below the 0.3 percent threshold that is legal hemp. Agent Mincher testified that he had never in his career been presented with a lab report by a marihuana trafficker. Agent Mincher

testified that as far as he knew there are no Federal rules, regulations, or guidelines regarding the packaging or transportation of lawful hemp products.

### The Law

7 USC §1639o defines hemp as "the plant Cannabis sativa L. and any part of that plant, including the seeds thereof and all derivatives, extracts, cannabinoids, isomers, acids, salts, and salts of isomers, whether growing or not, with a delta-9 tetrahydrocannabinol concentration of not more than 0.3 percent on a dry weight basis."

Whether an arrest is constitutionally valid depends in turn upon whether, at the moment the arrest was made, the officers had probable cause to make it—whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense. *Brinegar v. United States,* 338 U.S. 160 (1949).

### Argument

This Court must view the determination of probable cause to arrest through the lens of what Trooper Nunez knew at the moment he arrested the defendant, Aneudy Gonzalez. Standing on the side of the road, Trooper Nunez knew he had a U Haul loaded with cannabis plant material. Trooper Nunez knew he had a lab report in his hand that Aneudy Gonzalez had provided him along with consent to search the vehicle. Trooper Nunez knew that the lab report he was handed, Government Exhibit 1, said the hemp flowers in the U Haul contained a THC percentage of less than 0.3%, assuming he actually read it.

At the moment when the defendant, Aneudy Gonzalez, was arrested, not only did the Government, that is Trooper Nunez, not have probable cause to arrest, but the evidence does not

meet even preponderance of the evidence standard in that, based on the supplied lab report, it was probably more likely than not that the plant material in the truck was and is legal hemp.

Furthermore, this Court must consider the ramifications of the Government's position. At the time of arrest, the only evidence before Trooper Nunez was that the U Haul contained legal hemp and he was left with just a hunch that something was illegal. If the Government is correct and the circumstances on the side of the road constitute probable cause to arrest, then every person in this country engaged in legal hemp business is subject to arrest, confiscation of their property, and detainment until they can prove their products are legal. Not only does that violate due process and offend any notion of constitutional justice, it is just simply not how any of this works.

The Government conceded in its argument at the hearing that the only way for it to determine the legality of the plant material was to wait for its lab testing. This Court must conclude from the argument of the Government that until its lab testing is done, the Government does not have any means to differentiate legal plant material from illegal plant material. Without its lab testing the Government does not have probable cause to believe that the cannabis plant material that Aneudy Gonzalez possessed is marihuana and in fact, the only evidence currently in the Government's possession actually indicates that the cannabis at issue is legal hemp.

For the foregoing reasons, the Government did not have probable cause to arrest Mr. Gonzalez at the moment that Trooper Nunez arrested Mr. Gonzalez and this Court should enter a finding of no probable cause in this matter.

Respectfully submitted,

Mehler Cannabis Law
29029 Upper Bear Creek Rd.
Suite 204
Evergreen, CO 80439

Tisdell Law Firm
1800 S. Washington St. Suite 105
Amarillo, Texas 79102

(806) 352-4844 - Phone
(806) 214-3177- Facsimile


By: /s/ Daniel M. Mehler
_____
Daniel M. Mehler
Texas Bar No. 24085752
Daniel@MehlerCannabis.com

By: /s/ Adam B. Tisdell
_____
Adam B. Tisdell
Texas Bar No. 24067909
Adam@TisdellLaw.com